THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ISMAEL MEDINA ABRÉU, Defendant and Appellant. SAME *v.* SAME.

Nos. 8632 and 8633. Argued June 18, 1941.—Decided June 19, 1941.

*E. Ramos Antonini* and *V. Gutiérrez Franqui* for appellant. *Emilio de Aldrey, Acting Attorney General, R. A. Gómez, Prosecuting Attorney,* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice De Jesús delivered the opinion of the Court.

The appellant, on conviction of a violation of Sections 368 and 371 of the Penal Code, was sentenced to pay a $25 fine and three months in jail. The evidence is the same in both cases, for which reason they were submitted to this Court with only one brief presented by each party.

The appellant assigns as sole error that according to the complaints and the evidence offered, he is not guilty of the offenses charged. The prosecuting attorney of this Court has joined the appellant to request the reversal of the judgments because in both cases the evidence is insufficient.

We shall consider first the case for a violation of Section 368 of the Penal Code.

The complaint in said case, so far as pertinent, states:

"That on February 6, 1939, hour 10:15 P. M., and in the Ward . . . of Santa Isabel . . . the defendant . . . then and there, by offensive and disturbing conduct, with threats, insults and abuse, wilfully disturbed the peace and tranquillity of Messrs. Carmelo Obén (and) Pedro Martínez, because at that hour, then and there, and within the building where the machinery of Central Cortada, which belongs to . . . the Central Aguirre Sugar Company . . . is located . . . said defendant, violently and by way of threats, insults and abuse ordered that the machinery that moves the sugar cane mills be stopped. Said machinery was operated by the mechanics Luis Torres and Longino Ramírez. By reason of said order, the milling of sugar cane was suspended at said sugar factory from 10:15 P.M., Monday, February 6, until 4:45 A.M., Tuesday, February 7, 1939 . . ."

The evidence does not show that at the hour and place stated, the defendant disturbed the peace of Carmelo Obén and Pedro Martínez, as charged in the complaint. What arises from the evidence for the prosecution is that on said day and hour the appellant, who worked as machine operator

in the Central Cortada, and who was at the same time vice-president of the Factory Workers' Union in said Central, entered the factory and ordered Luis Torres to stop the machinery, using two obscene words when he addressed Torres. But it does not appear that the appellant in any way or manner addressed Mr. Obén, who, according to his own statement, arrived after the machinery had stopped, and therefore, his peace and tranquillity could not be disturbed by words he did not hear nor were addressed to him. It does not appear either from the evidence that the peace of Pedro Martínez was disturbed in any manner.

There is no evidence that at the place and hour stated there were women or children who could hear the obscene words referred to, and the mere act of stopping the machinery of a factory the way it was done in this case, does not constitute, by itself, the offense of disturbance of the peace defined by Section 368 of the Penal Code.

We shall now consider the case for a violation of Section 371 of the Penal Code.

The complaint in said case, so far as pertinent, states:

"That on February 6, hour 10:15 P. M., 1939, and in the Ward . . . of Santa Isabel . . . the defendant then and there, illegally, wilfully and maliciously invaded or violently entered into the Central Cortada, which is a private property and belongs to the Central Aguirre Sugar Co., . . . and ordered that the machinery that moves the sugar cane mills be stopped. Said machinery was operated by the mechanics Luis Torres and Longino Ramírez. By reason of said order the milling was suspended . . ."

The evidence does not show, as far as this case is concerned, that the defendant entered violently into the factory of the Central Cortada, as charged in the complaint.

Entrance by violence is an essential element of the offense defined by Section 371 of the Penal Code.

In the case of *People* v. *Díaz*, 56 P.R.R. 96, we said, copying from Wharton on Criminal Law:

"An entry by an open window, or by opening the door with a key, or by mere trick or artifice, such as enticing the owner out, and then shutting the door upon him, or the like, without further violence, or if effected by threats to destry the owners' goods or cattle merely, and not by threats of personal violence, is not deemed a forcible entry." (Op. Cit., 12th Ed., 1932, p. 1667, Sec. 1361.)

And in the same case, copying from Ruling Case Law, we said:

"Consequently, an entry without force by a party entitled to possession, or an unlawful entry without actual force, violence or menaces, and which has no other force than such as the law implies in every trespass, is not a forcible entry within the meaning of the statutes. Many an entry may therefore be plainly unlawful and yet not give rise to a proceeding for forcible entry and detainer, although it is without contradiction that every forcible entry as above defined is unlawful." 11 R.C.L. 1157, Sec. 21.

None of the witnesses who testified in this case made reference to the manner in which the defendant entered the factory of the Central Cortada. On the contrary, from the evidence for the prosecution it appears that the defendant could enter freely the Central and that he had never been forbidden to enter that place.

We have not commented on the evidence presented by the defendant, because it in no way tends to connect the defendant with the commission of either offense.

In consequence, the judgments must, in our opinion, be reversed and the defendant discharged.